# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

RANDALL GROSS and
CLAIRE CHAMPAGNE,

        Plaintiffs,

v.

WEINSTEIN, WEINBURG & FOX, LLC,
DELAWARE MODERN DENTAL, LLC,
ANTONIO RIGHT, DARREN TILLISON,
and TYRA TILLISON,

        Defendants.

C. A. No. 14-786-LPS

## **MEMORANDUM ORDER**

At Wilmington this 30th day of August, 2017,

IT IS HEREBY ORDERED that:

1. Plaintiffs Randall Gross and Claire Champagne ("Plaintiffs") initiated this action on June 20, 2014. (D.I. 1) In response, Defendants Darren Tillison and Tyra Tillison ("the Tillison Defendants") filed a motion to dismiss for failure to state a claim on which relief may be granted, on behalf of themselves and, purportedly, on behalf of Weinstein, Weinburg & Fox, LCC ("WWF"), a corporate defendant. (D.I. 12) On June 30, 2015, Plaintiffs requested an entry of default against WWF (D.I. 19); on the same day, they filed a motion for default judgment against WWF (D.I. 20), based on the fact that no licensed attorney had entered an appearance on behalf of WWF. Default was entered against WWF by the Clerk on August 12, 2015. (D.I. 23)

2. On August 24, 2015, the Court denied Plaintiffs' motion for entry of default

1

judgment against WWF (D.I. 25) to "provid[e] WWF some limited additional time to retain counsel to enter an appearance on its behalf" (D.I. 24 at 13). The Court gave leave to Plaintiffs to renew their motion "in the near future should no licensed attorney soon enter an appearance on behalf of WWF." (D.I. 24 at 13) The Court also denied Defendants' motion to dismiss. (D.I. 25)

3. On January 9, 2017, Plaintiffs requested an entry of default against the Tillison Defendants based on the Tillison Defendants' failure to file an answer or any other pleading in the more than 16 months following the Court's denial of Defendants' motion to dismiss. (D.I. 42) Default was entered against the Tillison Defendants by the Clerk on February 1, 2017. (D.I. 43) On March 3, 2017, Plaintiffs filed their Renewed Motion for Default Judgment against Defendant WWF and Motion for Default Judgment against the Tillison Defendants. (D.I. 44) On April 25, 2017, Defendants filed a Motion to be Relieved from Judgment. (D.I. 46) Plaintiffs filed their response to that motion on June 21, 2017. (D.I. 47)

4. Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter the party's default" if the party "has failed to plead or otherwise defend" within the time required by the rules or as extended by a Court order. Fed. R. Civ. P. 55(a). Once default has been properly entered, the entry of judgment by default is within the discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

5. Plaintiffs' motion for default judgment against WWF (D.I. 44) is GRANTED. Entry of default by the Clerk was appropriate given the lack of an appearance by a licensed attorney on behalf of WWF. (D.I. 24 at 13) More than two years have now passed since the

Court granted WWF additional time to secure counsel, and it failed to do so. (D.I. 44 at 3) Accordingly, it is appropriate for the Court to enter a default judgment against WWF.

6. Plaintiffs' motion for default judgment against the Tillison Defendants (D.I. 44) is GRANTED. The Tillison Defendants were required to serve a responsive pleading "within 14 days after notice" of the Court's denial of Defendants' motion to dismiss on August 24, 2015. Fed. R. Civ. P. 12(a)(4)(A). As of March 3, 2017, more than 16 months after the Court's order, the Tillison Defendants had not filed an answer to the complaint or any other pleading. (D.I. 44 at 4) Accordingly, it was appropriate for the Clerk to enter default against the Tillison Defendants and it is appropriate for the Court now to enter default judgment. The Tillison Defendants have provided no explanation for why they have not filed an answer or what efforts Defendants have undertaken in the interim years to prepare to defend themselves in this case. The Court agrees with Plaintiffs that "nothing in [the Tillison Defendants'] motion explains how additional time beyond the time already allotted will yield different results." (D.I. 47 at 4)

7. For the same reasons just given, Defendants' motion to vacate entry of default (D.I. 46) is DENIED.

8. Plaintiffs' request to refer this case to a Magistrate Judge for a Report and Recommendation as to the amount of default judgment to be entered against WWF and the Tillison Defendants (D.I. 44) is GRANTED.

9. Given the foregoing, the Final Pretrial Conference set for September 1 and the jury trial set to begin September 11 are CANCELLED.[1]

 /s/ Leonard P. Stark
 HONORABLE LEONARD P. STARK
 UNITED STATES DISTRICT JUDGE

---

[1] The Tillison Defendants and WWF are the only remaining defendants in this case. A stipulation of dismissal was entered as to Delaware Modern Dental on April 26, 2017. (D.I. 45) Antonio Wright was never served. (D.I. 44 at n.2)

4