IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RANDALL GROSS and
CLAIRE CHAMPAGNE,

   Plaintiffs,

v.                C. A. No. 14-786-LPS

WEINSTEIN, WEINBURG & FOX, LLC,
DELAWARE MODERN DENTAL, LLC,
ANTONIO RIGHT, DARREN TILLISON,
and TYRA TILLISON,

   Defendants.

## **MEMORANDUM ORDER**

At Wilmington this 28th day of November, 2017, having considered Defendants Darren Tillison and Tyra Tillison's ("Defendants") (i) Motion To Be Relieved from Judgment and Stay of Execution (D.I. 50) ("Rule 60(b) Motion") and (ii) Request for Continuance (D.I. 54) ("Stay Motion"),

IT IS HEREBY ORDERED that Defendants' (i) Rule 60(b) Motion (D.I. 50) is DENIED and Defendants' (ii) Stay Motion (D.I. 54) is DENIED WITHOUT PREJUDICE.

1. On August 30, 2017, the Court granted Plaintiffs' motion for entry of default judgment against Defendants in their individual capacities and against Weinstein, Weinburg & Fox, LLC, a corporate entity related to Defendants. (*See* D.I. 49) Defendants now seek relief from that judgment pursuant to Federal Rule of Civil Procedure 60. (*See* D.I. 50) Defendants' motion does not indicate the subsection of Rule 60(b) under which they proceed. (*See* D.I. 50) In it, Defendants assert that their lack of procedural understanding led them to "inadvertently and

mistakenly" fail to answer the complaint. (*See* D.I. 50 ¶¶ 4-7) The Court presumes, then, that Defendants rely upon Rule 60(b)(1), contending that the default judgment should be set aside due to Defendants' mistake or inadvertence.[1] Plaintiffs have not filed a response.

  2.  A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his [or her] case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). More specifically, Rule 60(b) allows a party to move for relief from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rules 60(b)(1)–(3), must be filed no more than one year after entry of the pertinent judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

  Motions for relief from judgment are left to the sound discretion of the trial court, guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assocs.*

---

[1] To the extent Defendants may rely upon the "catch-all provision" of Rule 60(b)(6), the Court finds Defendants have failed to demonstrate that any "extraordinary circumstances" exist to justify relief under Rule 60(b)(6). *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (stating motion under Rule 60(b)(6) may only be granted upon showing of "extraordinary circumstances"). Defendants have not presented any evidence of "an 'extreme' or 'unexpected' hardship that may result" if judgment is not entered in their favor. *Id.* (citation omitted).

2

*Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When exercising its discretion to decide a Rule 60(b)(1) motion, district courts must consider: (1) the prejudice to the plaintiff in setting aside the default judgment; (2) whether the defendant has a meritorious defense; (3) the culpability of the defendant's conduct; and (4) "the effectiveness of alternative sanctions." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 139-40 (3d Cir. 2017); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).[2]

3. The first factor, whether Plaintiffs would be prejudiced by lifting the default judgment, weighs slightly in Defendants' favor. Prejudice can be proven by showing a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Given the Third Circuit's strong preference for deciding cases on the merits, "[d]elay in realizing satisfaction on a claim" is rarely sufficient to justify denying a motion to "open[] a default judgment entered at an early stage of the proceedings." *Id.* at 656-57; *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95. However, an unreasonable delay can rise to the level of prejudice required for this factor to favor the non-moving party. *See Girafa.com v. Smartdevil, Inc.*, 728 F. Supp. 2d 537, 545 (D. Del. 2010) (warning if defendant's inability to secure counsel "persist[ed] unreasonably," court's prejudice analysis would change).

It has now been over three years since Plaintiffs filed their Complaint. (*See* D.I. 1) Notably, the Complaint was filed against multiple defendants. (*See* D.I. 1) During the three years that Plaintiffs have been waiting for Defendants to file an answer, Plaintiffs – along with

---

[2]The Court now applies explicitly the test it applied implicitly in its August 30, 2017 Memorandum Order. (*See* D.I. 49)

the other defendant in the case – submitted a proposed scheduling order to the Court (D.I. 30, 31), engaged in discovery (D.I. 33, 36, 39), and participated in a mediation that resulted in a stipulated dismissal of Defendants' now-former co-defendant (D.I. 37, 45). At the same time, Plaintiffs have consistently attempted to move forward in their case against Defendants and secure a judgment in their favor. (*See, e.g.*, D.I. 19, 20, 42, 44, 47) Thus, while Defendants' failure to file an answer has stalled this case procedurally, lifting the default judgment can no longer come at an "early stage in the proceedings." *Feliciano*, 691 F.2d at 657.

Any further delay to Plaintiffs realizing satisfaction on their claim pushes the bounds of sufficient prejudice to weigh against lifting the default judgment. *See Girafa*.com, 728 F. Supp. 2d at 545. On the other hand, the record is devoid of any argument from Plaintiffs that they would be prejudiced (e.g., due to lost evidence, a time-barred claim, or otherwise) if the judgment were set aside. Ultimately, given the preference for resolution on the merits, this factor weighs slightly in favor of granting Defendants' motion.

4. The second factor, whether Defendants have a meritorious defense, does not favor either side. Whether the defendant has a meritorious defense is the "threshold" question in deciding whether to open a default judgment. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). This is because "without a meritorious defense [defendant] could not win at trial," and "[t]herefore, there would be no point in setting aside the default judgment." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. To prove a meritorious defense exists, a defendant must allege specific facts that, "if established at trial, would constitute a complete defense." *Id.*

Defendants have not filed an answer to the Complaint, nor have they attached a proposed answer to their Rule 60(b) motion. *See generally Marks & Sokolov, LLC v. Mireskandari*, 2015

4

WL 1133788, at *7 (E.D. Pa. Mar. 11, 2015), *aff'd sub nom. Marks Law Offices, LLC v. Mireskandari*, 2017 WL 3575237 (3d Cir. Aug. 18, 2017) (looking disfavorably upon defendants' failure to attach proposed answer to Rule 60(b)(1) motion when analyzing this second factor). Defendants' motion does not indicate what defense Defendants intend to put forth if the Court grants their motion. (*See* D.I. 50) Defendants' only assertion is that a genuine factual dispute exists regarding their liability as individuals with respect to the actions of their company, the former defendant. (*See* D.I. 50 ¶ 9) Thus, the Court cannot conclude that Defendants have a litigable defense. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195 (requiring specific factual allegations). Accordingly, the second factor is, at best, inconclusive. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 52 (3d Cir. 2003) (finding second factor inconclusive due to defendants' failure to file answer).

5. Turning to the third factor, Defendants' conduct has reached a level of culpability weighing in favor of denying Defendants' motion. When considering the culpability of a defendant's conduct, a "willfulness" or "bad faith" standard applies. *See Hritz*, 732 F.2d at 1182. "Willfulness" or "bad faith" requires "more than mere negligence" but less than "'knowing' disregard." *Id.* at 1183. "Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id.*

Defendants continue to assert that they are "attempting to acclimate" to the procedures necessary to defend themselves (D.I. 50 ¶ 4), and the Court appreciates that Defendants are proceeding *pro se*. However, as the Court explained in its August 30, 2017 Order, Defendants have never provided the Court with an "explanation for why they have not filed an answer or

5

what efforts Defendants have undertaken in the interim years to prepare to defend themselves in this case." (D.I. 49 ¶ 6) Defendants' present motion is no different. Indeed, Defendants press – verbatim – the same arguments they presented to the Court in their now-denied April 25, 2017 motion to be relieved from judgment. (*Compare* D.I. 46 ¶¶ 2-10, *with* D.I. 50 ¶¶ 2-10)

While Defendants rely on their 2014 motion to dismiss as evidencing their intention to defend themselves in this action (*see* D.I. 50 ¶ 7), that motion was denied by the Court in August 2015 (*see* D.I. 24, 25). In the ensuing two-plus years, Defendants have failed to file an answer. Defendants also have ignored this Court's order to meet and confer with Plaintiffs regarding a proposed scheduling order. (*See* D.I. 28, 31) Court-ordered discovery deadlines have come and gone, as have mediation proceedings with Defendants' former co-defendants. (*See* D.I. 32, 37) Quite simply, Defendants have shown no indication of a willingness or desire to meet their obligations to move this case forward toward a resolution on the merits. Instead, Defendants seem to file correspondence with the Court only when it appears a judgment against them is close. (*See* D.I. 26, 46)

This pattern of ignoring filings by Plaintiffs and orders from the Court goes well beyond mere negligence. *See Mrs. Ressler's Food Prods.*, 675 F. App'x at 142 (holding district court did not abuse discretion in finding defendants' conduct culpable where defendant did not ask plaintiff for extension to file answer and failed to show "good cause" for months-long failure to respond). In the absence of any satisfactory explanation for Defendants' behavior, the Court finds Defendants' conduct to be culpable. *See Marks Law Offices*, 2017 WL 3575237, at *5 (affirming district court finding of culpability where defendants had notice of suit "in plenty of time to file an answer" and failed to do so). This factor weighs strongly in favor of denying

6

Defendants' motion.

7. Considering the effectiveness of alternative sanctions, *see Mrs. Ressler's Food Prods.*, 675 F. App'x at 140, none are appropriate here. Given the history of Defendants' conduct, the Court does not believe any lesser sanction, such as an award of attorneys' fees, would be likely to jumpstart the case towards resolution on the merits. *See Budget Blinds*, 536 F.3d at 258 (stating default judgment must be entered in appropriate cases despite preference for resolution on merits). Thus, this factor weighs in favor of denying Defendants' motion.

8. Weighing the pertinent factors, the Court finds that entry of default judgment was warranted and will not further postpone Plaintiffs' recovery or "the need for the efficacious resolution of controversies" by setting aside that judgment now. *See Hritz*, 732 F.2d at 1181. Accordingly, Defendants' Rule 60(b) Motion (D.I. 50) is DENIED.

9. Defendants' Stay Motion (D.I. 54) is DENIED WITHOUT PREJUDICE to renew before, and/or to request any appropriate schedule from, the Magistrate Judge, before whom issues relating to the amount of default judgment are already pending. (D.I. 49 ¶ 8)

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE